**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG |

**<u>SHORT FORM COMPLAINT AND JURY DEMAND</u>**

The Plaintiffs, named herein through Exhibit A, file this Short Form Complaint and Jury Demand against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order ("CMO") No. 35. This Short Form Complaint is being utilized, permitted and filed in the interests of judicial economy and takes an abbreviated form. Whether and when there will be non-short form complaints and answer(s) will be the subject of further discussions among counsel and the Court. Plaintiffs' Leadership and Defendants' Leadership have stipulated and agreed that at this time and until further Order of the Court, they will not assert that any Short Form Complaint (1) fails to state a cognizable cause of action, (2) fails to state a claim upon which relief may be granted, (3) fails to plead allegations with sufficient particularity, or (4) any other defenses related to insufficiency of pleadings. Plaintiffs' Leadership and Defendants' Leadership have further stipulated and agreed that until further Order of the Court, they will not file motions pursuant to Rule 12(b)(6) against any filed Short Form Complaints asserting a failure to plead allegations with specificity, or failing to meet the requirements of Fed. R. Civ. P. 8. Motion practice on the individual personal injury Complaints subject to this Order shall be stayed and may proceed only upon leave of Court and with the protections afforded under CMO 35. Use of this Short Form Complaint will not be permitted after the expiration of the Filing Facilitation Window as set forth by this Court in CMO 35.

## Plaintiffs

1. Plaintiffs, listed in attached Exhibit A, allege exposure to Perfluoroalkyl and Polyfluoroalkyl Substances ("PFAS") due to Aqueous Film-Forming Foam ("AFFF"). As a result of exposure to AFFF, Plaintiffs (and/or Decedents) endured pain and suffering, emotional distress, mental anguish, economic injuries, and personal injuries as described below.
2. Plaintiffs allege the plaintiff-specific information, listed in Exhibit A.

## Defendants

3. Plaintiffs bring suit against the following defendants (list all defendants being named):

| | |
|---|---|
| Defendant 1 | 3M Company, f/k/a Minnesota Mining and Manufacturing Co. |
| Defendant 2 | AGC Chemicals Americas Inc. |
| Defendant 3 | Amerex Corporation |
| Defendant 4 | Archroma U.S. Inc. |
| Defendant 5 | Arkema Inc. |
| Defendant 6 | BASF Corporation, individually and as successor in interest to Ciba Inc. |
| Defendant 7 | Buckeye Fire Equipment Company |
| Defendant 8 | Carrier Fire & Security Americas, LLC, f/k/a Carrier Fire & Security Americas Corporation |
| Defendant 9 | Carrier Fire & Security Corporation, LLC, f/k/a Carrier Fire & Security Corporation |
| Defendant 10 | Carrier Global Corporation |
| Defendant 11 | Chemdesign Products Inc. |
| Defendant 12 | Chemguard Inc. |
| Defendant 13 | Chemicals, Inc. |
| Defendant 14 | Clariant Corporation, individually and as successor in interest to Sandoz Chemical Corporation |

| | |
|---|---|
| Defendant 15 | Corteva, Inc., individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 16 | Daikin America Inc. |
| Defendant 17 | Deepwater Chemicals, Inc. |
| Defendant 18 | Dupont De Nemours Inc., individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 19 | Dynax Corporation |
| Defendant 20 | EIDP, Inc., f/k/a E.I. du Pont de Nemours and Company |
| Defendant 21 | Honeywell International, Inc. |
| Defendant 22 | Nation Ford Chemical Company |
| Defendant 23 | National Foam, Inc. |
| Defendant 24 | Solvay Specialty Polymers USA LLC |
| Defendant 25 | The Chemours Company, individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 26 | The Chemours Company FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 27 | Tyco Fire Products, LP, individually and as successor in interest to The Ansul Company |

## **Jurisdiction and Venue**

4. Plaintiff alleges jurisdiction based on:

☒ Diversity

☐ Federal Question

☒ The "Mass Action" provisions of the Class Action Fairness Act ("CAFA"), which include the requirements under 28 U.S.C. § 1332(d)(11)

☐ Other: ______________________________________________.

5. Plaintiffs designate the District Courts indicated on Exhibit A as the "Home Venue" defined as the proper venues of origin where the claim(s) could have overwise been brought pursuant to 28 U.S.C. § 1391.

**<u>Plaintiff's Allegations of Exposure</u>**

6. Plaintiffs allege exposure to PFAS, as described in Exhibit A, as a result of:

- Direct exposure to AFFF (i.e. use or handling of AFFF); and/or
- Exposure to drinking water contaminated with PFAS as a result of AFFF; and/or
- Exposure to turnout gear ("TOG") containing PFAS.

The specific exposure alleged by each plaintiff is indicated in Exhibit A.

**<u>Plaintiff's Alleged Injuries</u>**

7. Plaintiffs allege one more of the following personal injuries as described in Exhibit A:

Kidney Cancer
Testicular Cancer
Thyroid Disease
Ulcerative Colitis
Liver Cancer
Thyroid Cancer

8. Plaintiffs have not described or alleged secondary injuries, damages, or sequela of the injuries alleged above. Plaintiffs reserve the right to seek damages for all such secondary injuries, damages, or sequela attributable to the injuries alleged above.

## Causes of Action

9. The specific causes of action Plaintiff(s) can adopt(s) and incorporate(s) by reference as if set forth fully herein, are the following Causes of Action, of which each Plaintiff, listed in Exhibit A, adopts and alleges such Causes as indicated on Exhibit A:

Count I – Defective Design
Count II – Failure to Warn
Count III – Negligence
Count IV – Negligence Per Se
Count V – Trespass and Battery
Count VI – Strict Product Liability
Count VII – Market Share Liability, Alternative Liability, Concert of Action, and Enterprise Liability
Count VIII – Concealment, Misrepresentation, and Fraud
Count IX – Conspiracy
Count X – Wrongful Death
Count XI – Loss of Consortium

Other Causes of Action:
Count XII – ____________________
Count XIII – ____________________
Count XIV – ____________________
Count XV – ____________________
Count XVI – ____________________
Count XVII – ____________________
Count XVIII – ____________________
Count XIX – ____________________
Count XX – ____________________
Others
____________________
____________________
____________________

## Jury Demand

10. Plaintiffs demand a trial by jury as to all claims in this action.

Dated: August 26, 2025
New York, New York

Respectfully submitted,

**NAPOLI SHKOLNIK**

By: */s/ James L. Simpson*
Andrew W. Croner, Esq.
Patrick J. Lanciotti, Esq.
Nicholas H. Mindicino, Esq.
James L. Simpson, Esq.
360 Lexington Avenue, Floor 11
New York, New York 10017
Tel. (212) 397-1000
acroner@napolilaw.com
planciotti@napolilaw.com
nmindicino@napolilaw.com
jsimpson@napolilaw.com

By: */s/ Coral M. Odiot*
Paul J. Napoli, Esq.
Coral M. Odiot, Esq.
Cristina M. Rodriguez, Esq.
Sean P. Murphy, Esq.
1302 Avenida Ponce de León
San Juan, Puerto Rico 00907
Tel. (833) 271-4502
pnapoli@nsprlaw.com
codiot@nsprlaw.com
crodriguez@nsprlaw.com
smurphy@nsprlaw.com

***Counsel for Plaintiffs***